**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROY B. HOSKINS,

Defendant-Appellant.

No. 10-4092

(D. of Utah)

(D.C. No. 08-CR-277-DB-1)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Roy Hoskins pleaded guilty to two counts of tax evasion, in violation of 26 U.S.C. § 7201, for attempting to evade taxes on income earned from his escort service. The district court sentenced Hoskins to 60 months' imprisonment, 36 months' supervised release, restitution, and a monetary assessment. He appeals his 60-month prison sentence.

Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we AFFIRM.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Roy Hoskins founded Companions, a Salt Lake City escort service that he owned and managed. As a Schedule C business, Companions did not file its own tax returns. Rather, Hoskins was required to personally report income and deductions attributable to Companions. For tax year 2001, Hoskins reported on his U.S. Individual Income Tax Return, Form 1040, that Companions took in $157,600 in gross receipts. For tax year 2002, Hoskins and his wife, Jodi Hoskins, filed a joint federal income tax return and reported $902,750 in gross receipts.[1] The government discovered, however, that Companions received at least $490,937 in credit-card payments in 2001 and at least $1,053,552 in 2002. This did not include any cash payments at all, even though cash transactions represented approximately 50–75% of Companions' business. Thus, the government doubled the credit-card receipts to conclude Companions took in more than $3 million in gross receipts in 2001–2002—more than $2 million of which was unreported. The government calculated Hoskins caused a tax loss of $817,895.

In May 2008, a federal grand jury charged Hoskins with willfully attempting to evade his income taxes for 2001 and 2002, in violation of § 7201.

---

[1] Jodi Hoskins was tried, convicted, and sentenced under § 7201 for signing the inaccurate 2002 tax return. She appealed her conviction and sentence. In a separate opinion, we affirmed the district court's ruling. *See United States v. Hoskins,* No. 10-4131 (10th Cir. 2011).

Hoskins pleaded guilty to both counts without entering into a plea bargain. Crediting the government's estimates, the district court found that by virtue of his inaccurate tax returns, Hoskins failed to report more than $2 million in gross receipts, which resulted in a tax loss to the government of $817,895. The district court rejected Hoskins's alternative accounting of the tax loss based on unclaimed deductions for commissions and tips that suggested a tax loss of only $228,740.

Under the United States Sentencing Guidelines (USSG), Hoskins was subject to a base offense level of 20 and a criminal history category of IV. The district court applied a two-level enhancement because it found Hoskins "failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity." USSG § 2T1.1(b)(1). The court also, however, granted Hoskins a two-level deduction for accepting responsibility for his crime. *Id.* § 3E1.1. That left Hoskins with a total offense level of 20 and, under the Guidelines, a sentencing range of 51 to 63 months. The district court sentenced Hoskins to 60 months' imprisonment, 36 months' supervised release, $817,895 in restitution, and a $200 assessment.

## II. Analysis

In his briefs, Hoskins challenges only the district court's tax-loss calculation. He contends the court should have accounted for unclaimed deductions and arrived at a tax loss of $228,740. This would have lowered Hoskins's total offense level to 18—and his sentencing range to 46 to 57 months.

In oral argument, however, Hoskins's counsel explicitly abandoned this argument in light of *United States v. Spencer*, 178 F.3d 1365 (10th Cir. 1999). *Spencer* suggested that, in calculating tax loss for purposes of sentencing under USSG § 2T1.1, a district court should not consider deductions that a defendant might have claimed on his inaccurate tax returns, but for the tax evasion. *Id.* at 1367. To replace this lone, now-abandoned issue, Hoskins's counsel attempted to raise new issues during oral argument. But arguments not raised in an appellant's opening brief are waived. *Coleman v. B-G Maint. Mgmt.*, 108 F.3d 1199, 1205 (10th Cir. 1997) (holding that issues not raised in an appellant's opening brief are "deemed abandoned or waived"). Thus, given his counsel's concession at oral argument, Hoskins has no arguments left on appeal and we must affirm.

Even if he had not abandoned the claim, Hoskins's tax-loss argument lacks merit. Hoskins's 51-to-63 month sentencing guideline range was tied to the court's calculation that the government suffered a tax loss of $817,895. Hoskins disputes this figure and contends the court improperly failed to account for hypothetical deductions when estimating the government's tax loss. Accordingly, he says the government's actual tax loss was approximately $228,740. The law is clear, however, that the court did not err in accepting the government's tax-loss calculation and refusing to credit Hoskins's self-serving, after-the-fact, hypothetical returns.

In a criminal tax case, a defendant's base offense level under the Guidelines is 18 if the government's tax loss was between $200,000 and $400,000, and 20 if the loss was between $400,000 and $1 million. USSG §§ 2T4.1(F)–(H). The Guidelines define "tax loss" for the purpose of sentencing defendants convicted under § 7201:

> If the offense involved tax evasion or a fraudulent or false return, statement, or other document, the tax loss is the total amount of loss that was the object of the offense (i.e., the loss that would have resulted had the offense been successfully completed).

USSG § 2T1.1(c)(1). Under this provision, tax loss "shall be treated as equal to 28% of the unreported gross income . . . , *unless a more accurate determination of the tax loss can be made*." *Id.* § 2T1.1(c)(1), Note (A) (emphasis added). We defer to these interpretations of the Guidelines as important instructions from an authoritative source. *See United States v. Wise*, 597 F.3d 1141, 1148 n.6 (10th Cir. 2010) ("Commentary interpreting the sentencing guidelines is binding on the federal courts unless it violates the Constitution or a federal statute, or is inconsistent with the guideline it interprets.") (quotation omitted). The government bears the burden of proving the amount of tax loss arising from defendant's illegal acts, but under the Guidelines, "neither the government nor the court has an obligation to calculate the tax loss with certainty or precision." *United States v. Sullivan*, 255 F.3d 1256, 1263 (10th Cir. 2001) (quotation

omitted). We may overturn the district court's tax-loss calculation only if it was clearly erroneous. *See Spencer*, 178 F.3d at 1367.

In this case, 28% of Hoskins's more than $2 million of unreported gross income was approximately $560,000—well within the $400,000 to $1 million range necessary to support the district court's sentence—but both parties proposed more accurate determinations of the loss. The government introduced evidence showing Hoskins's tax evasion resulted in an actual tax loss of $817,895. It arrived at this number by accounting only for the deductions originally claimed on Hoskins's 2001 and 2002 returns. To counter the government, Hoskins introduced evidence of unclaimed deductions—which included deductions he purportedly could have claimed on the 2001 and 2002 returns, but did not—that suggested a tax loss of $228,740. These returns were premised on Hoskins's assertion that more than 60% of Companions' gross receipts, including those from unreported cash, were deductible commission payments given to the escorts.

The district court reasonably determined the government's calculation was more credible and adopted it. As set forth in our companion opinion affirming Jodi Hoskins's conviction and sentence, the district court had numerous reasons to credit the government's tax-loss estimate and reject Hoskins's proposed deductions. *See United States v. Hoskins* (10th Cir. 2011) [Pearl: Please have clerk insert citation]. Indeed, the record shows that, just as in *Spencer*, 178 F.3d

-6-

at 1368, the district court found the evidence supporting Hoskins's estimate of the unclaimed tax deductions was not credible. And just as in *Spencer*, the district court reasonably concluded that Hoskins's "post hoc self-serving characterization" of his tax returns was inadequate. *Id.* at 1369.

Thus, the district court's finding that the government suffered an approximately $817,895 tax loss was not clearly erroneous. We also note that even if the court had refused to credit the government's estimate, the default tax-loss estimate—$560,000—would have yielded the same guidelines range and supported Hoskins's 60-month sentence.

## III. Conclusion

For the reasons set forth above, we AFFIRM.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge